**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| MICHAEL A. SEWELL, | : | **Hon. Freda L. Wolfson** |
| Petitioner, | : | Civil Action No. 05-4532 (FLW) |
| v. | : |  |
| JOHN NASH, | : | **OPINION** |
| Respondents. | : |  |

**APPEARANCES**:

    MICHAEL A. SEWELL, #83741-054
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey 08640
    Petitioner pro se

    DOROTHY J. DONNELLY, ASSISTANT UNITED STATES ATTORNEY
    CHRISTOPHER J. CHRISTIE, UNITED STATES ATTORNEY
    402 East State Street, Room 430
    Trenton, New Jersey  08608

Michael A. Sewell, a prisoner who is currently serving a 57-month sentence for criminal reentry after removal, see 8 U.S.C. §§ 1326(a), (b)(2), seeks release from his incarceration on the ground that he acquired derivative citizenship prior to entry of the order of removal.  The government filed a motion to dismiss the Petition for lack of jurisdiction and Petitioner filed a reply.  For the reasons expressed below, the Court will grant the government's motion and dismiss the Petition.

## I.   BACKGROUND

Petitioner was born on May 15, 1970, in Jamaica.  On May 14, 1980, in Jamaica, Petitioner's grandparents, Donald and Madeline Icilda Sewell, adopted him.  On December 2, 1981, Madeline Sewell became a naturalized United States citizen.  On February 16, 1983, Petitioner legally arrived in the United States.  He became a lawful permanent resident on February 15, 1984.  On March 25, 1989, Madeline Sewell died.

On September 20, 1994, Petitioner was convicted of attempted sale of a controlled dangerous substance in the Supreme Court of the State of New York, Albany County.  Judge Joseph C. Teresi sentenced Petitioner to an indeterminate term of imprisonment, with a minimum one and one-third and maximum four-year term.  On October 17, 1995, an immigration judge ordered Petitioner removed to Jamaica.  Later that year, the order of removal was executed and Petitioner was removed to Jamaica.

Petitioner reentered the United States in November 1999.  On February 19, 2003, federal authorities arrested Petitioner for reentry of a removed alien.  On March 21, 2003, Petitioner was indicted for the crime of reentry of a removed alien in the United States District Court for the Southern District of New York.  See United States v. Sewell, Crim. No. 03-0356 (CM) (S.D. N.Y. filed March 21, 2003).  Petitioner entered a plea of guilty on July 9, 2003, and on November 13, 2003, he was sentenced to a

57-month term of imprisonment.  On October 4, 2004, Petitioner filed a motion to vacate the judgement under 28 U.S.C. § 2255.  See Sewell v. United States, Civil No. 04-7856 (CM) (S.D. N.Y. filed Oct. 4, 2004).  On November 17, 2004, United States District Judge Colleen McMahon denied the motion and declined to grant a certificate of appealability.

On July 7, 2005, Petitioner filed a notice of appeal before the Board of Immigration Appeals.  On July 28, 2005, the Board of Immigration Appeals dismissed Petitioner's administrative appeal as untimely.

On July 27, 2005, Judge McMahon denied Petitioner's motion for reconsideration of the order dismissing his § 2255 motion.  Petitioner's appeal is pending in the United States Court of Appeals for the Second Circuit.  See Sewell v. United States, C.A. No. 06-0574 (2nd Cir. filed Feb. 3, 2006).

Petitioner, who is now serving his 57-month sentence at a federal facility in New Jersey, executed his § 2241 Petition on September 12, 2005.[1]  The Clerk of the Court received it on September 16, 2005.  Petitioner seeks an order releasing him because he acquired citizenship through his adoptive mother, pursuant to the former 8 U.S.C. § 1432(a), when he arrived in the United States on February 16, 1983.

---

[1] Petitioner's projected release date is June 1, 2007.

The government filed a motion to dismiss the Petition for lack of jurisdiction.  First, the government argues that this Court lacks jurisdiction over the Petition under § 2241 because Petitioner is challenging his federal sentence for reentry after removal and § 2255 is not "inadequate or ineffective" for his claim.  Second, the government argues that this Court lacks jurisdiction over Petitioner's claim of nationality, which lies in the Second Circuit Court of Appeals pursuant to 8 U.S.C. § 1252(b)(5).

## II.  DISCUSSION

A.  Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless– . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

The government argues that this Court lacks jurisdiction under § 2241 over Petitioner's claim for release from his sentence because § 2255 is not an "inadequate or ineffective" remedy.  Petitioner argues that, because he was a citizen, he is actually innocent of the crime of reentry of a removed alien.

As a result of the practical difficulties encountered in hearing a challenge to a federal sentence in the district of confinement rather than the district of sentence, in its 1948

revision of the Judicial Code, Congress established a procedure whereby a federal prisoner might collaterally attack his sentence in the sentencing court.  See 28 U.S.C. § 2255; Davis v. United States, 417 U.S. 333, 343-44 (1974); United States v. Hayman, 342 U.S. 205, 219 (1952).  Section 2255 provides in relevant part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255, ¶ 1.

　　　　Generally, a challenge to the validity of a federal conviction or sentence must be brought under 28 U.S.C. § 2255.  Davis v. United States, 417 U.S. 333 (1974); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).  This is because § 2255 expressly prohibits a district court from entertaining a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective" to test

the legality of the petitioner's detention.[2]  See 28 U.S.C. § 2255.  Specifically, paragraph five of § 2255 provides:

> An application for a writ of habeas corpus [pursuant to 28 U.S.C. § 2241] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255, ¶ 5; see Cradle v. U.S. ex rel. Miner, 290 F.3d 536 (3d Cir. 2002); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997); Millan-Diaz v. Parker, 444 F.2d 95 (3d Cir. 1971); Application of Galante, 437 F.2d 1164 (3d Cir. 1971) (per curiam); United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954).

A § 2255 motion is inadequate or ineffective, authorizing resort to § 2241, "only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  Cradle, 290 F.3d at 538.  "It is the inefficacy of the remedy, not the personal inability to use

---

[2] The "inadequate or ineffective" language was necessary because the Supreme Court held that "the substitution of a collateral remedy which is neither inadequate nor ineffective to test the legality of a person's detention does not constitute a suspension of the writ of habeas corpus."  Swain v. Pressley, 430 U.S. 372, 381 (1977).

it, that is determinative." Id. "Section 2255 is not 'inadequate or ineffective' merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements." Id. at 539.

In this case, Petitioner challenges his federal sentence for reentry of a removed alien on the ground that he is innocent of the crime because he acquired United States citizenship through his adoptive mother, see 8 U.S.C. § 1432(a), when he entered the United States on February 16, 1983. However, this Court lacks jurisdiction over Petitioner's challenge to his federal sentence because a motion to vacate the sentence under 28 U.S.C. § 2255 is not "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997).

This Court also lacks jurisdiction under § 2241 over Petitioner's claim that he is a citizen of the United States. Exclusive jurisdiction over a claim of citizenship lies in the Court of Appeals. See 8 U.S.C. § 1252(b)(5). Moreover, the REAL ID Act of 2005 stripped this Court of habeas jurisdiction over a

challenge to an order of removal.[3] See 8 U.S.C. § 1252(a)(5) ("Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, United States Code, or any other habeas corpus provision . . . . a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act").

Based on the foregoing, this Court lacks jurisdiction over the Petition under § 2241 and will grant the government's motion to dismiss the Petition.

### III. CONCLUSION

The Court concludes that dismissal of the Petition is warranted and will grant the motion to dismiss the Petition.

                                                 S/Freda L. Wolfson
                                                 **FREDA L. WOLFSON, U.S.D.J.**

DATED: June 9, 2006

---

[3] On May 11, 2005, the President signed into law the REAL ID Act of 2005. See Pub. L. 109-13, Div. B, 119 Stat. 231 (May 11, 2005). Section 106(a)(5) of the REAL ID Act of 2005 is codified at 8 U.S.C. § 1252(a)(5).

8